[Civ. No. 25920.   Second Dist., Div. Four.   Sept. 24, 1962.]

GORDON DALE PETERSEN, Plaintiff and Appellant, v. CITY OF LOS ANGELES et al., Defendants and Respondents.

Marvin Zinman for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, John J. Tully, Jr., and Weldon L. Weber, Assistant City Attorneys, for Defendants and Respondents.

BURKE, P. J.—Petitioner, a police officer of the City of Los Angeles, sought a writ of mandamus to compel the Board of Pension Commissioners of the City of Los Angeles ("Board") to grant his claim for a disability pension.

The sole question presented on this appeal is whether the Board's action in denying petitioner's pension was supported by substantial evidence.   The administrative record upon which the Board acted was incorporated as an exhibit attached to the petition.   Upon a review of the record the trial court made its findings of fact to the effect that there was substantial

evidence supporting the action of the Board and gave judgment accordingly.

The petitioner was appointed as a policeman in 1952 and was injured in the line of duty on December 20, 1957. He returned to active duty on January 6, 1958, and from that date until May 13, 1959, he fully and actively performed the duties of a regular police officer. On May 13, 1959, he was relieved from duty pending a hearing before and decision by a board of rights pursuant to provisions of section 202 of the city charter. Subsequently, on November 2, 1959, petitioner was found guilty as charged and was discharged from the police department effective May 14, 1959. His being relieved from duty and his subsequent discharge had nothing whatever to do with the injuries received in 1957.

On January 22, 1960, petitioner filed a claim for a disability pension with the Board and in August of 1960 the Board conducted a hearing at which it received medical reports from eight regularly licensed practicing physicians and considered the testimony of 15 police officers who had worked with the petitioner subsequent to his injuries in 1957, during the period from January 1958 when he returned to active duty and May 13, 1959, when he was relieved from duty. These officers testified that petitioner performed his duties as a regular police officer during that interval. The Board also heard and considered the testimony of petitioner's mother and of his personal physician. The Board determined that petitioner was not entitled to a disability pension.

Based on the record of the proceedings of the Board the court found that petitioner for at least one year prior to his discharge from the police department, effective May 14, 1959, had not been so physically or mentally disabled by reason of bodily injuries received in or by reason of sickness caused by the discharge of his duties as to render necessary his retirement from active service or as to render him incapable, as a result of injuries or sickness, of performing his duties.

It is conceded that the Board performs a quasi-judicial function and is empowered to make final adjudications of fact and that both the trial court's review and that of this court are limited to "determining whether there was substantial evidence before the board to support its findings." (*Thompson* v. *City of Long Beach*, 41 Cal.2d 235, 240 [259 P.2d 649].)

■■■ A review of the medical testimony indicates considerable disagreement. It was apparent that physical examination of petitioner revealed relatively little objective evidence of

disability and that the claimed disability is largely occasioned by subjective symptoms, thus making the degree of disability, if any, difficult to determine. The opinions of the doctors varied between that of one doctor to the effect that the petitioner ''is totally disabled for his regular duties as a police officer'' to the statement by another doctor that he was ''unable to find any permanent disability as a result of the accident.''

There appeared to be no disagreement that the petitioner fully and actively performed the duties of a regular police officer from the date of his return to active duty until he was relieved therefrom for other reasons. The determinations of the Board were fully supported by substantial evidence.

The judgment is affirmed.

Jefferson, J., and Ford, J.,* concurred.

*Assigned by Chairman of Judicial Council.